# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2024

Lyle W. Cayce
Clerk

No. 23-40553
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Anthony Wallin,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:21-CR-796-1

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Joshua Anthony Wallin was convicted by a jury of kidnapping and brandishing a firearm during a crime of violence. On appeal, Wallin argues that the Government failed to introduce sufficient evidence to show all the elements of a kidnapping offense. He also argues that if there was insufficient evidence to support the kidnapping offense, his conviction for brandishing a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

firearm during a crime of violence, the kidnapping, must be reversed. We review claims regarding the sufficiency of the trial evidence de novo. *United States v. Harris*, 740 F.3d 956, 962 (5th Cir. 2014).

In pertinent part, federal law defines kidnapping as having occurred when a defendant "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person" and transports that person in interstate commerce. 18 U.S.C. § 1201(a) and (a)(1). Although Wallin did not specifically seek a monetary reward, we have construed this element of kidnapping broadly to cover the circumstance of a defendant having "some purpose" for holding the victim, and "any purpose will do." *United States v. Webster*, 162 F.3d 308, 329 (5th Cir. 1998). The victim testified that Wallin sexually assaulted her three times during her abduction. Drawing all reasonable inferences from this testimony, among other evidence, would permit a rational jury to find, beyond a reasonable doubt, that Wallin intended to receive retribution and revenge or sexual gratification from the abduction. *See United States v. Moreno-Gonzalez*, 662 F.3d 369, 372 (5th Cir. 2011); *United States v. Vargas-Ocampo,* 747 F.3d 299, 301 (5th Cir. 2014) (en banc). This is sufficient to establish the relevant essential element of a kidnapping offense. *See Webster*, 162 F.3d at 328-29.

AFFIRMED.